# In the United States Court of Federal Claims

No. 19-mc-1644
(Filed: December 5, 2019)
NOT FOR PUBLICATION

```
*******************************************
IN RE: REBECCA GALLOGLY,            *   Electronic Filing of Complaint by
                                    *   Individuals Not Represented by an
                    Petitioner.     *   Attorney; RCFC 5(d); RCFC 5.5
*******************************************
```

## ORDER

On October 21, 2019, petitioner Dr. Rebecca Gallogly, proceeding pro se, submitted a motion for relief seeking reconsideration of the decision of the clerk of the United States Court of Federal Claims ("Court of Federal Claims") to deny her request to file her complaint by electronic means. In conjunction with her motion, petitioner submitted an Application to Proceed In Forma Pauperis ("IFP application"). The motion was docketed as a miscellaneous case and assigned to the undersigned. For the reasons set forth below, the court grants petitioner's IFP application and denies petitioner's motion for relief.

### I. BACKGROUND

On March 15, 2019, petitioner sent to the court a USB drive containing "an initial complaint and ancillary motions she wished to have docketed in the court." Mot. 2. The motions she submitted were a Motion for Interim Monetary Relief, an Application to Proceed In Forma Pauperis, a Motion to Appoint Counsel, a Motion to Extend Time, a Motion to Electronically File, and a Motion to Seal. Mot. Ex. A. In a letter accompanying the USB drive, petitioner requested permission from the clerk to allow her, on financial hardship grounds, to submit documents electronically and to file documents that exceed the court's file size limitation. Id.

In an April 3, 2019 letter, one of the court's staff attorneys advised petitioner that the court could not accept petitioner's submissions electronically pursuant to Rule 5.5 of the Rules of the United States Court of Federal Claims ("RCFC"). Id. The staff attorney further advised: "However, if you still wish to file suit in our court, you may resubmit your materials in paper format. After a complaint is filed, you may petition the assigned judge for leave to file electronic and/or overlength pleadings." Id. The staff attorney returned the USB drive to petitioner with the letter. Id.

In May 2019, petitioner filed a petition for a writ of mandamus with the United States Court of Appeals for the Federal Circuit ("Federal Circuit") seeking to compel this court "to docket the electronic files on the USB drive" she previously submitted. Mot. 2. In addition, she sent a copy of her petition to this court and indicated in an accompanying letter that she had

enclosed the USB drive with the copy.¹ Id. However, the USB drive was not enclosed with the letter. Mot. Ex. C.²

Two months later, on July 18, 2019, the Federal Circuit denied the petition. In its order, the Federal Circuit wrote:

> The Rules of the Claims Court do not at this time allow Dr. Gallogly to file her complaint electronically. And even if we were to agree that there may be some facial conflict between RCFC 5.5 and Rule 5(d)(4) of the Federal Rules of Civil Procedure and agree that Rule 5(d)(4) is applicable to the Claims Court, we cannot say that Dr. Gallogly has a clear and indisputable right to compel the Clerk to accept submissions via USB drive. Moreover, Dr. Gallogly has an alternative avenue of asking the Claims Court itself to reconsider the action of the Clerk and to offer a more suitable means of electronic filing. We therefore cannot say that mandamus relief is appropriate here.

In re: Gallogly, No. 2019-121, slip op. at 2 (Fed. Cir. July 18, 2019).

Petitioner took the Federal Circuit's advice and submitted a request for reconsideration to the clerk. In her September 9, 2019 letter, petitioner recounted the history of her communications with the court—by telephone (including two conversations that she recorded) and by mail—and then set forth her request:

> Please accept this letter as a formal request for you to reconsider filing the copies of my suit you currently have in your office, or in Chief Judge Sweeney's chambers, on USB drive. Please notify me whether I can submit the case through emailed Google Drive links, and if so to what email address. Please inform me unequivocally whether I may write motions to your court without having a case number, so that I may decide whether to choose among the first two options, or a

---

¹ Petitioner asserts that these materials, which she sent to the court via certified mail, were "received by an individual in Chief Judge Sweeney's office on May 15, 2019." Mot. 3. However, all mail sent to the court is received by the mailroom staff, who then provides all mail from litigants or potential litigants to personnel in the clerk's office. Clerk's office personnel stamped petitioner's submission as received on May 15, 2019, and forwarded it to the staff attorney, who provided it to the undersigned.

² Exhibit C to petitioner's motion is a September 26, 2019 letter from the clerk to petitioner in which the clerk explains: "According to your letter, you believe that the Court is still in possession of the USB drive you submitted earlier this year. Please be advised that the Court is not in possession of the drive, which was returned to you as an attachment to the letter mailed to you on April 3, 2019." This statement is in accord with the notes taken by one of the undersigned's staff members on May 23, 2019, memorializing her telephonic conversation with the staff attorney regarding petitioner's May 15, 2019 submission. Those notes provide: "Letter re: [petition for writ of mandamus] written to [chief judge] resubmitting USB drive (but USB drive not included)."

> third option of writing a motion for seeking electronic filing privileges. I do have a PACER account already, . . . and prior experience filing several pleadings with the United States Fifth Circuit Court of Appeals. If you are willing and able to grant me efiling privileges without me submitting an efiling motion, please notify me of this opportunity and / or granting. Finally, if you could, please notify me in writing about whether or not all of these options are available, and if they are not available, why not.

Mot. Ex. B at 4. Petitioner also insisted that she had sent her USB drive to the court with a copy of her Federal Circuit petition and it had not been returned to her. Id.

In a September 26, 2019 letter, the clerk denied petitioner's request for reconsideration. She explained:

> For IT security reasons, I decline to reconsider the denial of your request to file your complaint electronically. You may, however, file a motion for relief from this decision before the United States Court of Federal Claims. Any such motion, which must be filed on paper, will be given a docket number and assigned to a judge. Please note that your motion must be accompanied by a $47.00 filing fee or a motion to proceed in forma pauperis. See 28 U.S.C. § 1926, Fee Schedule, ¶ 10.

Mot. Ex. C. The clerk also advised petitioner that the court was not in possession of the USB drive, having returned it to petitioner with the April 3, 2019 letter. Id. Finally, the clerk noted: "[Y]ou state that you have taken recordings of phone calls between yourself and an employee of the Clerk's Office. By order of Chief Judge Margaret M. Sweeney, electronic recordings of Clerk's Office staff are prohibited absent express permission." Id.

In accordance with the clerk's suggestion, petitioner filed the instant motion for relief and IFP application.

## II. DISCUSSION

### A. IFP Application

The court first addresses petitioner's IFP application. Pursuant to 28 U.S.C. § 1915, the Court of Federal Claims may waive filing fees and security under certain circumstances. See 28 U.S.C. § 1915(a)(1) (2018); see also id. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28 U.S.C. § 1915); Hayes v. United States, 71 Fed. Cl. 366, 366-67 (2006) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike). Individuals wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. 28 U.S.C. § 1915(a)(1). Here, a review of petitioner's IFP application and motion for relief reflect

...

that petitioner has satisfied all three requirements. Accordingly, the court grants petitioner's IFP application and waives her filing fee.[3]

### B. Request to File Complaint by Electronic Means

In her motion for relief, petitioner requests the ability to file a complaint by electronic means, asserting that she cannot afford to print and mail her complaint—which she states is 290 pages long—and the associated motions due to her financial hardship. She contends in her motion and her prior communications with the court that the court's rules permit her to file her complaint electronically; that any general information technology ("IT") security concerns would apply to all filers—attorneys and unrepresented parties; and that she has taken steps (and will continue to take steps) to mitigate any IT security concerns with her submissions. None of these contentions convinces the court that it should deviate from the rule requiring unrepresented individuals to submit their complaints on paper.

RCFC 5.5 prescribes the format of filings and the information required to be included in each filing. With respect to complaints, the rule provides:

> (A) Paper Form. Plaintiff must file an original and 2 copies of the complaint, attaching a completed cover sheet to the original (shown in Form 2 of the Appendix of Forms).
>
> (B) Electronic Form. If plaintiff is not appearing pro se pursuant to RCFC 83.1,[4] plaintiff may file the complaint electronically in compliance with Appendix E to these rules.

RCFC 5.5(d)(1) (footnote added). All complaints "must conform to the requirements of this rule." RCFC 5.5(a).

Nevertheless, as petitioner notes, "[t]he clerk must not refuse to file a paper solely because it is not in the form prescribed by the rules." RCFC 5(d)(4). This rule, which is nearly identical to Rule 5(d)(4) of the Federal Rules of Civil Procedure ("FRCP"), was adopted to prevent the clerk from rejecting "papers not conforming to certain requirements of form imposed by local rules or practice." FRCP 5 advisory committee's note to 1991 amendment.[5]

---

[3] This waiver applies only to the current proceeding. If petitioner files a complaint, she will need to submit a new IFP application.

[4] RCFC 83.1(a)(3) provides that "[a]n individual who is not an attorney may represent oneself or a member of one's immediate family . . . ."

[5] The court's rules, "to the extent permitted by this court's jurisdiction, must be consistent with the Federal Rules of Civil Procedure and must conform to any uniform numbering system prescribed by the Judicial Conference of the United States." RCFC 83(a); accord RCFC Historical Note ("To maintain symmetry between the court's rules and the Federal Rules of Civil Procedure . . . , the court has adopted a policy of regularly amending its rules to reflect parallel changes in the Federal Rules of Civil Procedure."). Thus, "interpretation of the

Specifically, the rule recognizes that judicial officers, not the clerk, are responsible for determining whether to accept "papers" that violate "requirements of form," and that the clerk's rejection of "papers" might "expose litigants to the hazards of time bars[.]" Id.; accord United States v. Harvey, 516 F.3d 553, 556 (7th Cir. 2008) (observing that one of the purposes of FRCP 5(d)(4) is to "ensure[] that any document presented to the clerk in violation of a local rule of form can nonetheless be filed for purposes of satisfying a filing deadline").

Most courts that have examined FRCP 5(d)(4) in the context of filing a complaint have determined that defects in form are an improper basis for rejecting a complaint. See, e.g., Farzana K. v. Ind. Dep't of Educ., 473 F.3d 703, 707 (7th Cir. 2007) (observing that defects in form should not prevent the filing of complaints, and noting that "[p]apers with bad docket numbers, or the wrong size (say, legal rather than letter), or with sections in the wrong order (say, a summary of argument ahead of the statement of facts), all display improper form"); McDowell v. Del. State Police, 88 F.3d 188, 189, 191 (3d Cir. 1996) (agreeing that it was improper for a district court clerk to reject a "a pleading denominated 'Motion for Compensation,' which in substance, if not form, appeared to be intended as a complaint"); Congress v. District of Columbia, 324 F. Supp. 3d 164, 174 (D.D.C. 2018) (distinguishing the case law relied upon by an individual whose attorney was unable to timely file suit due to not being a member of the court's bar because "[t]hose cases involve situations where clerks improperly rejected filings because of an issue of form, such as paper size or failure to pay a filing fee"); Johnson v. Colvin, No. 15-CV-3853 KBF, 2015 WL 7078648, at *2-3 (S.D.N.Y. Nov. 13, 2015) (holding that the lack of a signature on a complaint was a technical error that should not have prevented the filing of the complaint); see also Ordonez v. Johnson, 254 F.3d 814, 816 (9th Cir. 2001) (reviewing decisions in which it held that naming the wrong individuals on a summons, not properly hole punching the complaint, and failing to submit a cover sheet were violations of the local rules that should not have prevented the filing of the complaint).

In contrast, there is no consensus regarding whether FRCP 5(d)(4) applies to the method of filing a document—in other words, filing by electronic means or on paper. See, e.g., Harvey, 516 F.3d at 556 (holding that a notice of appeal filed electronically by an attorney within the period specified in Rule 4 of the Federal Rules of Appellate Procedure, when the local district court rule required the filing of a paper notice, was timely filed because "the difference between a hard copy and an electronic submission is a mere error of form"); Jones v. Family Health Ctrs. of Balt., Inc., 307 F.R.D. 457, 459 (D. Md. 2015) (holding, with respect to a response brief filed by an attorney on paper rather than electronically, as required by the court's rules: "Rule 5(d)(4) limits the Clerk's ability to refuse filings based on the form of content appearing on the face of a filed submission (e.g., a proper case caption, style guidelines, etc.). In requiring electronic filing, however, the Court mandates the method by which 'papers' must be delivered to and docketed with the Court. Thus, the Clerk may enforce the Court's long-standing electronic filing requirement without contravening Rule 5(d)(4)."); Lowe v. Fountain Forestry, Inc., No. 3:08-

---

court's rules will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure." RCFC, 2002 Rules Committee Note; Kraft, Inc. v. United States, 85 F.3d 602, 605 n.6 (Fed. Cir.) ("The precedent interpreting the Federal Rules of Civil Procedure applies with equal force to the comparable Rules of the Court of Federal Claims."), modified on denial of reh'g, 96 F.3d 1428 (Fed. Cir. 1996).

CV-08, 2008 WL 276486, at *2 (E.D. Tenn. Jan. 30, 2008) (holding, with respect to a notice of voluntary dismissal filed by an attorney on paper rather than electronically, as required by the court's rules: "This court accepts plaintiff's reasons for filing with the Clerk, rather than electronically, and needs not disallow the filing solely because of its form or the manner in which it was filed."). Moreover, in the sole decision that concerns an unrepresented individual seeking to file a complaint by electronic means in contravention of the local court's rule, the court did not address whether FRCP 5(d)(4) applies to the method of filing a complaint. See In re Novak, 771 F. App'x 680, 681, 683 n.2 (7th Cir. 2019) (unpublished order) (noting, in a case where an unrepresented individual was denied the ability to file a complaint electronically by the clerk of a district court, that although it would not reach the merits of the claim, there existed "a facial conflict between the local electronic filing rules and" FRCP 5(d)(4)).

However, as the district court observed in Jones, even if FRCP 5(d)(4) applied to the method of filing a document, "the rule would merely limit the Clerk's ability to reject filings, not the Court's." 307 F.R.D. at 459 n.1 (citing FRCP 5 advisory committee's note to 1991 amendment). Thus, the fact that a clerk is barred from rejecting an improper filing does not preclude a judge from rejecting it. Id. Moreover, the court is permitted to require unrepresented individuals to file their complaints—and any other submission—on paper. See FRCP 5 advisory committee's note to 2018 amendments ("Attempts to work within the [electronic filing] system may generate substantial burdens on a pro se party, on other parties, and on the court. Rather than mandate electronic filing, filing by pro se litigants is left for governing by local rules or court order."); see also 28 U.S.C. § 2503(b) (authorizing the Court of Federal Claims to prescribe "rules of practice and procedure"); Weil v. Neary, 278 U.S. 160, 169 (1929) (remarking that a duly authorized court rule "has the force of law"). Indeed, RCFC 5(d)(3)(B), which is identical to FRCP 5(d)(3)(B), provides that "[a] person not represented by an attorney: (i) may file electronically only if allowed by court order; and (ii) may be required to file electronically only by court order."

The fact that the Federal Circuit—which is located in the same building and hears appeals from judgments of this court—allows unrepresented individuals to submit documents for filing via electronic mail is of no moment.[6] First, as noted above, the Court of Federal Claims is permitted to set its own rules regarding electronic filing. Second, the Court of Federal Claims and the Federal Circuit are differently situated with respect to who can file documents—the Federal Circuit need only accept documents submitted by parties who are appealing the judgment of another tribunal, while the Court of Federal Claims, as a trial court, must accept documents from everyone who demonstrates an intent to file suit in the court.

In fact, the Court of Federal Claims receives a large volume of submissions from unrepresented individuals. Some of these submissions look like those submitted by an attorney–

---

[6] In the Federal Circuit, unrepresented individuals may only file "a motion, response to a motion, reply to a response, or a letter" via electronic mail or fax. See U.S. Court of Appeals for the Federal Circuit, Guide for Pro Se Petitioners and Appellants § IV.B.2 (v.2, May 2018), http://www.cafc.uscourts.gov/sites/default/files/rules-of-practice/ProSe/ProSeGuide.pdf. All other documents must be submitted on paper. Id. §§ IV.B.2, VI (noting that petitions for review, notices of appeal, and briefs must be submitted on paper).

–they are coherently written and conform to the court's rules. Much more often, however, these submissions either lack coherence, depart extensively from the form prescribed in the court's rules, or both. And, sometimes, unrepresented individuals send actual garbage to the court.[7] Given the volume of submissions, the type of material that has been submitted in the past, the questionable motivations of the unrepresented individuals submitting that material,[8] and the probability that allowing unrepresented individuals to submit material for filing in an electronic form—whether on a thumb drive, by electronic mail, or via PACER—without restriction would open the floodgates and significantly increase the number of submissions that bear no resemblance to something that should or could be filed in the Court of Federal Claims, it is prudent for the court to limit the filing of complaints (and, unless allowed by a judge or special master, all other submissions) by unrepresented individuals to paper.

Further, the court has legitimate IT security concerns with allowing unrepresented individuals to submit documents, including complaints, electronically. Electronic submissions may, either inadvertently or intentionally, contain viruses or malware that could damage the court's systems. These concerns are the most acute at the complaint stage of litigation, when the court has no information by which to judge the motivations of an unrepresented individual submitting the material. In contrast, an attorney filing a complaint in the Court of Federal Claims is almost always a member of the court's bar who has declared under penalty of perjury that he or she is a licensed attorney in good standing who will conduct himself or herself in an upright manner, which provides the court with the assurance that the attorney will not abuse the ability to electronically file a complaint. Indeed, should any attorney submit a filing by electronic means that contains a virus or malware, that attorney would be subject to investigation and possible disciplinary proceedings, which could result in disbarment by the attorney's home state.

Petitioner contends that even if the court has these general IT security concerns, such concerns do not apply to her because she has demonstrated that she has the necessary knowledge and capability to submit documents electronically and that she has taken steps to eliminate any IT security concerns. Even assuming the accuracy of petitioner's representations, the court is disinclined to make an exception to the rule that complaints filed by unrepresented individuals must be submitted on paper. First, if the court allows petitioner to submit her complaint electronically, then it would be compelled to allow all unrepresented individuals to submit their complaints electronically, magnifying the issues already faced by the court when processing submissions from unrepresented individuals.

---

[7] Over the last few years, the court has received, among other things, used tissues, bloody documents, greeting cards covered with an unidentified substance, human teeth, nail clippings, and complaints written on toilet paper.

[8] The court, as a general matter, does not investigate or attempt to ascertain a litigant's or potential litigant's motivations for initiating suit or filing a document. However, nonstandard submissions—such as garbage or electronic media that contains viruses or malware—may cause the court to assess the sender's motivation to ensure the safety and security of the court's employees.

Second, petitioner is not without other options. Pursuant to RCFC 8, a complaint need only contain

(1) a short and plain statement of the grounds for the court's jurisdiction . . . ;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, petitioner can shorten her complaint to include only what is necessary for the court to understand the nature of her claim and determine whether it has jurisdiction over that claim,[9] and then petition the assigned judge for permission to file further submissions electronically. By taking this course of action, petitioner would greatly reduce the cost of printing and mailing her complaint to the court.[10] Alternatively, petitioner can seek the assistance of a legal aid society or local bar association.[11]

In sum, the court will not allow petitioner to file her complaint by electronic means.

### C. USB Drive and Recording of Telephone Calls

Petitioner raises two ancillary issues in her motion for relief. First, petitioner continues to insist that the court is in possession of the USB drive containing her complaint and related motions. Petitioner is mistaken. The USB drive was returned to petitioner in April 2019 (as she acknowledges) and was not, as she asserts, included with the copy of her Federal Circuit petition she sent to this court in May 2019.

Second, petitioner challenges the clerk's statement that the undersigned has prohibited electronic recordings of clerk's office staff because the clerk did not provide a copy of such an order with her letter and, in any event, it is lawful for her to record telephone conversations under federal law. As stated on its website, the court's policy is that "[u]nless otherwise directed by the court, the use of cell phones, laptops, electronic devices, iPads, e-books, recording devices, cameras, or any object that may interfere with court proceedings is not allowed in the courtroom." See Media, U.S. Court of Fed. Claims, http://www.uscfc.uscourts.gov/media.

---

[9] In this respect, the court makes available a three-page complaint form that an unrepresented party can use to initiate suit. See Filing a Complaint, U.S. Court of Fed. Claims, http://www.uscfc.uscourts.gov/filing-a-complaint.

[10] Indeed, in seeking review of the clerk's decision, petitioner was able to print and send a thirteen-page motion for relief and a four-page IFP application.

[11] For example, the Austin Bar Association maintains a list of legal resources available for low-income area residents. See Low Income, Austin Bar Ass'n, https://www.austinbar.org/for-the-public/legal-resources/low-income/.

Moreover, the court, via a notice posted in the clerk's office, prohibits the recording of clerk's office personnel without permission, which it is permitted to do by regulation. See 41 C.F.R. § 102-74.385 (2019) ("Persons in and on [federal] property must at all times comply with official signs of a prohibitory, regulatory or directory nature and with the lawful direction of Federal police officers and other authorized individuals."); see also United States v. Gileno, 350 F. Supp. 3d 910, 917 (C.D. Cal. 2018) (holding that a ban on recording devices in a federal courthouse was not unconstitutional). However, petitioner is correct that the policy described by the clerk is not applicable to telephone calls.

### III. CONCLUSION

For the reasons set forth above, the court **DENIES** petitioner's motion for relief.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Chief Judge